# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 16-33(1) (DWF/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Raymond K. Walker, a/k/a Mello, | |
| Defendant. | |

This matter comes before the Court on Defendant Raymond K. Walker's Motion for Transcripts and any Investigative Reports, (Doc. No. 165 (Transcript Motion)), and his Petition and Affidavit to Proceed Without Prepayment of Fees and/or Costs, (Doc. No. 166 (Petition)). For the following reasons, the Court grants the Petition and grants in part and denies in part the Transcript Motion.

With respect to the Petition, review of that filing indicates that Walker has established his financial eligibility for *in forma pauperis* status. *See generally* Pet. The Court thus grants the Petition.

With respect to the Transcript Motion, Walker points to no statutory authority justifying his request. *See* Tr. Mot. 1–2. The most on-point statute appears to be 28 U.S.C. § 753(f):

> Fees for transcripts furnished in proceedings brought under section 2255 of this title[1] to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

The Transfer Motion requests (1) the "Docket Menu for all the filings and hearings in this case"; (2) all trial transcripts; (3) all motion-hearing transcripts; (4) all plea-agreement transcripts; (5) a transcript of the sentencing hearing; (6) "[a]ll Brady and Jenks material"; (7) all discovery that the Government previously provided to Walker's trial attorney; (8) any "defense private Investigative reports"; and (9) any grand-jury transcripts and the returned indictment. Tr. Mot. 1.

Much of the material Walker seeks cannot be demanded through § 753(f). First, § 753(f) does not cover several categories of this material—namely, categories (6) through (8)—as these are not "transcripts." Second, because Walker and the other defendants in this action all pleaded guilty, *see* Minute Entry, Doc. No. 45; Minute Entry, Doc. No. 76; Minute Entry, Doc. No. 99, there was no trial, and so there are no category-(2) trial transcripts. Third, as for categories (1), (3), and (9), Walker does not explain why the relevant transcripts are "needed to decide [an] issue presented by the suit or appeal." *See generally* Tr. Mot. 1–2. Indeed, Walker states that he wants the materials (and indeed, all the material requested by the Transcript Motion) to develop new potential

---

[1] Walker's filed the Transfer Motion as part of proceedings arising from his filing of a § 2255 motion, *see* Tr. Mot. 1; *see also* Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Doc. No. 139 (relevant § 2255 motion)), and so § 753(f) governs Walker's request.

arguments. *See, e.g.*, *id.* at 2 (stating that Walker "is unable to determine whether there were constitutional violations nor can [he] effectuate a colorable issue without first looking through the transcripts and records being sought in this motion"). But an *in forma pauperis* litigant does not have a right to "free transcripts to peruse them, hoping to find something that might somehow support a collateral challenge to his conviction or sentence." *United States v. Seelye*, No. 07-CR-0377-ADM-RLE, 2014 WL 639867, at *3 (D. Minn. Feb. 19, 2014); *see also United States v. Benedict*, No. 13-CR-1501-SRN-FLN, 2018 WL 2684121, at *3 (D. Minn. June 4, 2018) ("[A] litigant 'is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw.'") (quoting *Culbert v. United States*, 325 F.2d 920, 922 (8th Cir. 1964) (per curiam) (internal quotation marks and citation omitted)).[2] As a result, the Transcript Motion does not justify any grant of the materials listed in categories (1), (3), or (9).

Two items remain: the transcripts of Walker's change-of-plea hearing and sentencing (i.e., categories (4) and (5) above). The Government has already sought transcripts of these hearings, *see* Tr. Order, Doc. No. 143, and those transcripts appear in the docket at Doc. Nos. 148 and 150. Without prejudging Walker's present § 2255 motion, the Court notes that the Government requested these transcripts after Walker filed that motion, suggesting that the transcripts may well be needed to "decide [an]

---

[2] Furthermore, given the one-year limitations period of 28 U.S.C. § 2255(f), it is likely too late for Walker to bring new claims under Section 2255 wholly unrelated to his original claims.

issue" the motion presents. As a result, the Court grants the Transcript Motion as to these two already-prepared transcripts, but otherwise denies the Motion.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Petition and Affidavit to Proceed Without Prepayment of Fees and/or Costs (Doc. No. [166]) is **GRANTED**.

2. Plaintiff's Motion for Transcripts and any Investigative Reports (Doc. No. [165]) is **GRANTED** as to the transcripts in this action's docket at Doc. Nos. [148] and [150]. The Clerk of Court is directed to send Plaintiff one copy of each transcript.

3. Plaintiff's Motion for Transcripts and any Investigative Reports is otherwise **DENIED**.

Dated: November 1, 2018         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge