UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                Criminal No. 16-33(1) (DWF/LIB)

    Plaintiff,

                                                                                     **ORDER**

v.

Raymond K. Walker,

    Defendant.

       This matter is before the Court on Defendant Raymond K. Walker's ("Defendant") Motion for Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. No. 194).  Defendant asserts that the District Court should not have applied the stipulated 2-level enhancement for being an organizer, leader, manager, or supervisor in the criminal activity, pursuant to U.S.S.G. § 3B1.1.  The Defendant has withdrawn his argument that the Court lacked jurisdiction to impose a 10-year mandatory minimum sentence pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846.  The Government opposes Defendant's motion (Doc. No. 197) stating that it represents a successive collateral attack on his sentence.

       For the reasons stated, the Court respectfully denies Defendant's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

       Pursuant to a written plea agreement (Doc. No. 78-1) ("Plea Agreement") on June 21, 2016, Defendant entered a plea of guilty to Count 1 of a five count Indictment

(Doc. No. 1).  Count 1 charged Defendant with conspiracy to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and 846.  (For a detailed procedural history, please see the Court's Memorandum, Opinion and Order (Doc. No. 175) denying Defendant's *pro se* motion pursuant to 28 U.S.C. 2255 to vacate or set aside his sentence and conviction (Doc. No. 139), his *pro se* Motion for Summary Judgment (Doc. No. 157), and his self-styled *pro se* "Motion to Correct Misapprehension of Facts" within his initial § 2255 Motion (Doc. No. 171)).

As the Court noted in its Order of May 17, 2019, denying Defendant's motions noted above, a Presentence Investigation Report ("PSR") was ordered at the change of plea hearing (*see* Doc. No. 150 ("Plea Hearing") at 26), and each party filed a sentencing memorandum (Doc. Nos. 129, 130).  The PSR included calculations under the United States Sentencing Guidelines (the "Guidelines") totaling an adjusted offense level of 32 which represented a base offense level of 30, and a 2-level role enhancement consistent with the plea agreement, but without deducting 3 levels for acceptance of responsibility, and a criminal history category ("CHC") of VI as opposed to III, which resulted in an advisory guidelines range of 210 to 262 months' imprisonment.  (Doc. No. 114 ("PSR") ¶¶ 27, 72, 129.)  As the Court observed in its Order denying Defendant's § 2255 motion, the plea agreement addressed the guidelines and relevant statutes to be considered at sentencing anticipating an adjusted offense level of 29 (30 + 2 - 3) and a CHC of III, which resulted in a guideline range of 108 to 135 months' of imprisonment that was narrowed by the mandatory minimum to a range of 120 to 135 months.  (*See* Plea Agreement ¶ 6f (Doc. No. 78).)

In the Court's May 17, 2019 Order (Doc. No. 175) as noted above, Defendant submitted, through counsel, a sentencing memorandum requesting a term of 120-months which represented the mandatory minimum (Doc. No. 129).  The Court further noted that consistent with the Plea Agreement, if the CHC was III, with an adjusted offense level of 29 as contemplated in the Plea Agreement, the Guidelines sentencing range would be 108 to 135 months with a mandatory minimum of 120 months.  Defendant then addressed the criminal history score as calculated in the PSR, taking issue with the inclusion of certain prior offenses and argued for a CHC of III rather than VI.  Defendant then stated that the PSR's calculations would result in an advisory guideline range as noted above of 210 to 262 months, but requested that the Court impose a sentence of 120-months' imprisonment in consideration of other sentencing factors, which would include a departure and a variance.

The parties then addressed the issue of a departure based upon an overstated criminal history, the defense asking for a CHC of III and the Government stating that the Court should follow which was set forth in the PSR, namely, a CHC of VI.  Based upon an offense level of 32, which included the 2-level increase for Defendant's role, which neither party objected to, and minus a 3-level reduction for acceptance of responsibility, the adjusted offense level was 29.

The Court, noting the objection of both parties with respect to granting the departure it did for an overstated criminal history score to the extent that the Government asserted a CHC of VI and the defense a CHC of III, the Court departed downward to a CHC of V.  (Sentencing Transcript at p. 17.)  A CHC of V and adjusted offense level of

3

29 created an advisory prison sentence of 140 to 175 months which is what the Government asserted the Court should impose.  The Defendant asked for a sentence of 120 months which represented the mandatory minimum but would also be a variance from the advisory guideline range.

## DISCUSSION

Contrary to the assertions in the Defendant's *pro se* letter filed on July 27, 2020 (Doc. No. 205), the Court, at the time it granted the Defendant's motion in part based upon its finding that his CHC of VI "overstate[d] the seriousness" of the criminal history and departed to a level V, stated:  "So, noting both counsel's objection, because Defense feels I should be going to III, the Prosecution suggests I should stay where we are at, I am going to depart down to a Level V."  The Court also stated:  "And I frankly think that whether I do or I don't under what are called the 3553(a) factors, I would likely end up at the same sentence in the end. . ."  (Sentencing Transcript p. 17.)

The Court's ruling created an advisory sentence without a variance or departure of 140 to 175 months subject, of course, to the mandatory minimum of 120 months. Importantly, the Court must observe as noted in its Order filed on May 17, 2019, that both parties submitted memorandum that reflected their understanding that the Defendant's adjusted level was 29 after factoring in acceptance of responsibility, but his minimum sentence in any event would remain at 10 years of imprisonment.

The Court then imposed a sentence of 132 months rather than a sentence between 140 and 175 months as requested by the Government or 120 months as requested by the defense, which constituted a small variance, and in the words of the Court, ". . . I won't

apologize for the 120-months. Because with or without that, I believe that anything less than 132-months would not promote respect for the law." (Transcript p. 27.) Consequently, as noted in the Court's Order of May 17, 2019, the Court's sentence represented a departure downward from the guideline range as well as a variance. (Doc. No. 175 at 13).

The Court has considered the merits of Defendant's Rule 60(b) motion. However, as observed by the Government, it is well-established that before a Defendant may file a "second or successive" motion under § 2255, he or she must first obtain the permission of the pertinent Circuit Court of Appeals to seek such relief.

As observed and asserted by the Government, Defendant's 60(b)(3) motion essentially seeks to revisit the merits of his initial § 2255 motion. Defendant's motion continues the argument that he was not subject to a two-level leader/organizer role enhancement pursuant to U.S.S.G. § 3B1.1.

Even though the Court has denied the Defendant's motion on its merits, the Eighth Circuit has not authorized him to file a second or successive § 2255 motion. The obligation to obtain such an order from the Court of Appeals before filing a second or successive motion is jurisdictional. *See Burton v. Stewart,* 549 U.S. 147, 153 (2007). Consequently, the Court is also obligated to dismiss Petitioner's motion as a successive § 2255 motion, including his reply filed on July 27, 2020 for failure to obtain authorization from the Court of Appeals even though the Court has dismissed it on the merits as well if the Court had jurisdiction to do so.

## CONCLUSION

The Court finds that the record in this case forecloses any notion that the Defendant received ineffective assistance of counsel at either the pretrial or sentencing stages of his case, even considering the merits of Defendant's Rule 60(6) motion before the Court.

Based upon the presentation and submissions of the parties, the Court having again carefully reviewed the record in this matter and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.  Defendant Raymond K. Walker's *pro se* Motion for Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. No. [194]) is respectfully **DENIED** for the reasons stated.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 13, 2020                     s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge