**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,                            Criminal No. 16-33(1) (DWF/LIB)

          Plaintiff,

v.                                                                        **MEMORANDUM**
                                                                    **OPINION AND ORDER**

Raymond K. Walker,

          Defendant.

---

Raymond K. Walker, Defendant, *Pro Se*.

Bradley M. Endicott and Deidre Y. Aanstad, Assistant United States Attorneys, United
States Attorney's Office, counsel for the Government.

---

**INTRODUCTION**

          This matter is before the Court on Defendant Raymond K. Walker's ("Walker")

second *pro se* motion for release in light of the COVID-19 pandemic.[1]  (Doc. No. 201

("Motion").)  The United States of America (the "Government") opposes Walker's

Motion.  (Doc. No. 221 ("Govt. Opp").)  For the reasons discussed below, the Court

grants Walker's Motion.[2]

---

[1]     Walker filed his first motion for compassionate in April 2020 citing respiratory
issues due to weight gain.  (Doc. No. 189.)  The Court denied Walker's motion because
he failed to satisfy the mandatory exhaustion requirement set forth in 18 U.S.C.
§ 3582(c)(1)(A) and because he did not present an extraordinary and compelling reason
to warrant release.  (Doc. No. 193.)

[2]     The Court also received and considered Walker's response to the Government's
opposition (Doc. No. 225 ("Reply") and supporting attachments (Doc. Nos. 226, 227),

## BACKGROUND

On June 21, 2016, Walker pled guilty to one count of Conspiracy to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a) and 846.[3]  (Doc. Nos. 77-78.) On February 21, 2017, this Court sentenced him to 132 months' imprisonment to be followed by a 5-year term of supervised release.[4]  (Doc. Nos. 131, 132).

Walker is currently incarcerated at Oxford FCI in Oxford, WI with an anticipated release date of November 26, 2025.  Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc/* (last visited May 14, 2021).  Oxford FCI reports no active COVID-19 case among its inmates and staff, 661 inmates and 75 staff who have recovered, and no inmate or staff deaths from the virus.  Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited May 14, 2021). To date, the Bureau of Prisons ("BOP") has performed 939 tests for COVID-19 at Oxford FCI with 663 of them positive for the virus and one test pending.  *Id.*  Moreover, the BOP has fully inoculated 70 staff and 422 inmates at the facility against COVID-19.  *Id.*

---

numerous letters in support of his release (Doc. Nos. 202, 204, 206-207, 219, 227-3 ("Letters of Support")), a letter from the mother of Walker's minor child detailing their family circumstances (Doc. No. 203 ("Family Details")), Walker's supporting memorandum (Doc. No. 213 ("Def. Memo.")), and Walker's letter to the Court (Doc. Nos. 214 ("Walker Letter")) with supporting attachment (Doc. No. 216 ("Medical Records 1")).

[3]     This count carried a mandatory minimum sentence of 120 months.  (*See* Doc. No. 132.)

[4]     Walker's sentence represented a downward departure and variance from the guideline range of 151-188 months. (Doc. No. 133 ¶ III.)

Walker, who is 34 years old, now moves for compassionate release on the grounds that he is at increased risk of severe infection from COVID-19 because he is obese, suffers from sleep apnea, and has smoked since he was 15 years old.[5]  (Motion at 7-9; Def. Memo. at 3-4; Reply at 3-5; *see also* Doc. Nos. 222 ("Medical Records 2"), 223 ("Medical Records 3"); 227-1 ("Medical Records 4") (collectively with Medical Records 1, ("Medical Records").)  He also expresses concern about his increased risk of contracting COVID-19 in a prison setting, particularly when an allergy prevents him from getting vaccinated.[6]  (Motion at 6-7; Def. Memo. at 2-3; Reply at 4-6; *see also* Medical Records 4 at 1.)  Walker further argues that he has extraordinary and compelling family circumstances that warrant his immediate release.[7]  (Motion at 6; Reply at 6.)

Walker also contends that the sentencing factors set forth in 18 U.S.C. § 3553(a) favor release because he has committed himself to rehabilitation, served almost half of

---

[5]     Walker is 71 inches tall and weighs 284 pounds.  (Motion at 7; *see also* Medical Records 3 at 3.)  Therefore, his body mass index is 39.6.  *See* Centers for Disease Control and Prevention, Adult BMI Calculator, *https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi _calculator.html* (last visited May 3, 2021).

[6]     The record reflects that Walker contracted COVID-19 on October 15, 2020 and recovered by October 27, 2020.  (Medical Records 2 at 2, 4, 11, 14; *see also* Reply at 5.)  Walker asserts that he continues to suffer from lingering symptoms, including chest pains and shortness of breath, and anxiety over fear of reinfection.  (Reply at 5.)

[7]     Walker asserts that the mother of his minor son is partially incapacitated due to an undiagnosed medical condition and several other debilitating illnesses.  (Motion at 6; Reply at 6; *see also* Family Details (expressing desire that Walker be released to help provide care for minor child due to mother's medical condition).)  He further argues that his minor daughter is struggling, in part due to her father's arrest.  (Reply at 6; *see also* Doc. No. 227-2.)

his sentence, and does not pose a danger to the community.  (Motion at 9-11; Def. Memo. at 4-5; Reply at 6-10; *see also* Doc. Nos. 201-1 at 15-24; 226-3; 227-1 at 4-5.).  Walker further asserts that he has a release plan which includes residing with his mother in Georgia, and verifiable employment with a trucking company.  (Motion at 11; Def. Memo. at 5; *see also* Doc. No. 227-3.)  In his letter to the Court, Walker expresses great remorse for his offense conduct and describes how he has changed, in part through a strong commitment to community service while incarcerated.  (Walker Letter at 1-2.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  Such "extraordinary and compelling reasons" include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.  U.S.S.G. § 1B1.13 ("Sent'g Comm'n Pol'y Statement" or "Statement"), cmt. n.1(a)(ii).[8]

---

[8]     While the Statement refers only to motions filed by the Director of the BOP, the Court construes the statutory command pursuant to § 3582(c)(1)(A)(ii) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission" to mean that the Statement also applies to motions filed by defendants.

The Court acknowledges that there is ongoing litigation surrounding this issue and that other courts have found that the Statement does not apply to motions initiated by a defendant.  *See McCoy*, 981 F.3d 271 at 281; *United States v. Brooker,* 976 F.3d 228 at 234 (2d Cir. 2020); *United States v. Jones,* 980 F.3d 1098 at 1110-11 (6th Cir. Nov. 20,

Family circumstances considered "extraordinary and compelling" include:  (1) the death or incapacitation of the caregiver of the defendant's minor child or minor children; and (2) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.  *Id.*, cmt. n.1((C).

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement."  Statement.  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable."  18 U.S.C. § 3582(c)(1)(A).  As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction.  *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on

---

2020); *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. Nov. 20, 2020).  The Court also notes that the Eighth Circuit has not yet considered the issue.

the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the

warden of the defendant's facility, whichever is earlier . . . ."[9]  *Id.*

The record reflects that Walker requested compassionate release from the warden

at Oxford FCI sometime before its denial on April 13, 2020 (Doc. No. 201-1 at 2.)

Walker appealed the denial in June 2020; however, it too was denied.  (*Id.* at 5.)

Accordingly, the Court finds Walker's Motion ripe for review.

After a careful review of Walker's Motion and all supporting documentation, the

Court finds that Walker has demonstrated extraordinary and compelling reasons for a

sentence reduction.  While he is only 34 years, old, Walker is severely obese and has a

long history of smoking.  The Government concedes that obesity is a condition that

increases Walker's risk of severe illness from COVID-19 but asserts that his risk is

mitigated because he has already contracted and recovered from the virus and because he

has been vaccinated.[10]  (Govt. Opp. at 17-20.)  The record clearly reflects, though, that

Walker has not been vaccinated, nor is he able to be vaccinated due to an allergy.

Moreover, Walker asserts that he continues to suffer long-term effects from his first

---

[9]      Although judicially created exhaustion requirements may sometimes be excused,
no exception applies to a statutory command such as that presented in
Section 3582(c)(1)(A).  *See Ross v. Blake*, 136 S. Ct. 1850, 855-57 (2016) (rejecting
judicially created "special circumstances" exception to the exhaustion requirement
unambiguously stated in the Prison Litigation Reform Act of 1995).

[10]     According to the Centers for Disease Prevention and Control, obesity is a medical
condition that increases a person's risk of severe illness from COVID-19.  *See* Centers
for Disease Control and Prevention, Coronavirus Disease: People with Certain Medical
Conditions, *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-
with-medical-conditions.html* (last visited May 14).  A history of smoking may also
increase a person's risk of severe illness from the virus.  *Id.*

infection.  The Court concludes that based on the COVID-19 pandemic and Walker's

obesity, history of smoking, inability to be vaccinated, and assertion that he continues to

suffer long-term effects from his first COVID-19 infection, he presents sufficiently

extraordinary and compelling reasons to warrant a sentence reduction.[11]

The Court also finds that Walker does not pose a danger to the safety of any other

person or the community.  While in prison, Walker has committed himself to

rehabilitation and received numerous certificates of achievement.  (*See, e.g.*, Doc.

Nos. 226-3, 227-1 at 5.)  He has also demonstrated maturity and integrity through his

participation in FCI Oxford's highly selective suicide watch companion program for

which he was selected based on credibility with both staff and inmates.  (*See* Doc.

No. 227-1 at 4.)  To the extent that any safety concerns remain, the Court finds that they

will be mitigated by converting the remainder of Walker's sentence to a term of

supervised release.  18 U.S.C. § 3582(c)(1)(A) (the Court "may impose a term of

probation or supervised release with or without conditions that does not exceed the

unserved portion of the original term of imprisonment").

The Court similarly concludes that granting Walker compassionate release is

consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a).  These factors

include "the nature and circumstances of the offense" and "the need for the sentence

imposed to reflect the seriousness of the offense, to promote respect for the law . . . to

---

[11]    While the Court commends Walker for his concern over the well-being of his
children, his family circumstances were not determinative in whether a reduced sentence
is appropriate.

provide just punishment for the offense. . . to afford adequate deterrence to criminal

conduct," and "to protect the public from further crimes of the defendant."  18 U.S.C.

§ 3553(a).

The Court does not underscore the seriousness of Walker's offense conduct, or the

harm he inflicted on the community.  However, the Court finds that Walker has conveyed

genuine remorse for his offense, actively pursued rehabilitation, and demonstrated a

commitment to bettering the lives of those around him.  The Court also believes that

Walker's expressed commitment to his children and recognition of how his incarceration

has impacted them should provide strong motivation to remain law abiding and deter him

from criminal behavior.[12]  Moreover, while Walker has served just under half of his

sentence, the Court notes that the past year has been particularly harsh due to the

restrictions and fear imposed by COVID-19.  Finally, the Court can allay any concern

about a just sentence by converting the remainder of Walker's sentence to a term of

supervised release in addition to the term of supervised release originally ordered.

## CONCLUSION

For the reasons set forth above, the Court finds that Walker has demonstrated

extraordinary and compelling reasons for a sentence reduction, that he does not pose a

safety risk, and that the § 3553(a) factors favor release.

---

[12]     The Court received a remarkably large number of letters in support of Walker's release from various family, friends, and acquaintances.  It is clear that Walker has a community that believes in him; the Court encourages him to draw on this resource to help him remain law-abiding.

**ORDER**

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.       Defendant Raymond K. Walker's pro se Motion for Compassionate Release (Doc. No. [201]) is **GRANTED**.  The remainder of Defendant Raymond K. Walker's 132-month term of imprisonment is converted into a term of supervised release pursuant to 18 U.S.C. § 3582(c)(1)(A).  The converted term of supervised release shall be served under the same terms and conditions of the original term of supervised release as set forth in the February 22, 2017 Judgment (Doc. No. 132).

2.       After the conclusion of Walker's converted term of supervised release in the preceding paragraph, Walker shall serve the full term of supervised release and its terms and conditions as set forth in the February 22, 2017 Judgment (Doc. No. 132).

3       Walker shall be released to his mother's residence in Riverdale Georgia, as approved by the Probation Office in the May 13, 2021 Compassionate Release Investigation (Doc. No. 228).

4.       This order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure Walker's safe release.  Walker shall be released as soon as appropriate travel arrangements are made and it is safe for him to travel.  There shall be no delay in ensuring travel arrangements are made.  If more than fourteen days are needed to make appropriate travel arrangements and ensure Walker's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

5.      Walker is encouraged to apply for his birth certificate and social security as

soon as possible and before he is released from prison.


Date:  May 18, 2021                                    s/Donovan W. Frank
                                                       DONOVAN W. FRANK
                                                       United States District Judge